**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| CHARTIS SPECIALTY INSURANCE COMPANY f/k/a AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, an Illinois corporation, and LEXINGTON INSURANCE COMPANY, a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT C. PATE, in his capacity as Trustee for the Chinese Drywall Trust, WCI COMMUNITIES, INC., a Delaware corporation, and WCI COMMUNITIES, L.L.C., a Delaware limited liability company,<br><br>Defendants. | CASE NO.: 8:10-CV-1465-T-23EAJ<br><br>Request for Oral Argument (30 mins) |

**DEFENDANTS' JOINT MOTION TO DISMISS FOR**
**FAILURE OF SUBJECT MATTER JURISDICTION**
**AND SUPPORTING MEMORANDUM OF LAW**

Defendants, Robert C. Pate, as Trustee for the Chinese Drywall Trust (the "Trust"), WCI Communities, Inc. ("WCI, Inc."), and WCI Communities, LLC ("WCI, LLC") hereby move this Court to dismiss this action for lack of subject matter jurisdiction. Complete diversity between the parties does not exist as Plaintiff Lexington Insurance Company ("Lexington") is a citizen of the same state as Defendants WCI, Inc. and WCI, LLC. Additionally, the declaratory judgment statute, upon which Plaintiffs rely, does not provide a basis for subject matter jurisdiction.

**MEMORANDUM OF LAW**

FACTS

On June 29, 2010, Chartis Specialty Insurance Company f/k/a American International Specialty Lines Insurance Company and Lexington Insurance Company (collectively, "Chartis/Lexington") filed this lawsuit against Defendants. In its complaint, Chartis/Lexington alleges, among other things, that: Plaintiff Lexington is a Delaware corporation; Defendant WCI, Inc. is a Delaware corporation; and Defendant WCI, LLC is a Delaware limited liability company. *See Compl.*, attached hereto as *Ex. A*, at ¶¶ 4, 7-8. Chartis/Lexington further alleges that the Court has jurisdiction under 28 U.S.C. §§ 2201 and 1332. *Id.* at ¶ 9.

ARGUMENT

I. **THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS LAWSUIT**

   A. **The Complete Diversity Standard Is Not Met**

   Subject matter jurisdiction based on diversity of citizenship exists where "[1] the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and [2] is between … citizens of different States." 28 U.S.C. § 1332(a)(1). For diversity purposes, a corporation is a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

   "Diversity jurisdiction requires complete diversity between named plaintiffs and defendants." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). Accordingly, "[c]omplete diversity requires that no

defendant in a diversity action be a citizen of the same state as any plaintiff." *Walker v. Sun Trust Bank of Thomasville, GA*, 363 Fed. Appx. 11, 15, 2010 WL 165131, 4 (11th Cir. 2010).

In this case, diversity jurisdiction does not exist because Plaintiff Lexington, a Delaware corporation, has the same citizenship as Defendant WCI, Inc., a Delaware corporation, and Defendant WCI, LLC, a Delaware limited liability company. Because complete diversity does not exist, 28 U.S.C. § 1332 does not provide a basis for subject matter jurisdiction, and the Court should dismiss this lawsuit.

### B. The Declaratory Judgment Statute Does Not Provide A Basis For Subject Matter Jurisdiction

Like Section 1332, Section 2201 does not provide a basis for subject matter jurisdiction in this case. "[I]t is well established that the Declaratory Judgment Act does not, of itself, confer jurisdiction upon federal courts." *Stuart Weitzman, LLC v. Microcomputer Resources, Inc.*, 542 F.3d 859, 862 (11th Cir. 2008). Therefore, Chartis/Lexington's reliance on Section 2201 as a basis for subject matter jurisdiction also fails, and the Court should dismiss this action.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court to dismiss this lawsuit.

Dated:    August 12, 2010

- 4 -

| /s/ Robert L. Rocke | /s/ Anna M. Piazza |
|---|---|
| Robert L. Rocke, Esq.<br>Jamie Prockop, Esq.<br>Rocke, McLean & Sbar, P.A.<br>2309 S. MacDill Avenue<br>Tampa, FL  33629<br>T:  813-769-5600<br>F:  813-769-5601<br>rrocke@rmslegal.com<br>jprockop@rmslegal.com<br><br>*Trial counsel for Defendant WCI Communities, Inc. and WCI Communities, LLC* | Robert M. Horkovich, Esq. (pro hac vice pending)<br>Anna M. Piazza, Esq. (pro hac vice pending)<br>Anderson Kill & Olick, P.C.<br>1251 Avenue of the Americas<br>New York, NY  10020<br>T:  212-278-1000<br>F:  212-278-1733<br>rhorkovich@andersonkill.com<br>apiazza@andersonkill.com<br><br>*Trial counsel for Defendant Robert C. Pate, as Trustee for the Chinese Drywall Trust* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2010, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.

/s/ Robert L. Rocke
Robert L. Rocke