# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

**CHARTIS SPECIALTY INSURANCE
COMPANY f/k/a AMERICAN
INTERNATIONAL SPECIALTY
LINES INSURANCE COMPANY, an Illinois
Corporation, and LEXINGTON
INSURANCE COMPANY, a Delaware
corporation,**

   **Plaintiffs,**

          **No. 8:10-cv-1465-T-23EAJ**

**v.**

**ROBERT C. PATE, in his capacity as
Trustee for the Chinese Drywall Trust,
WCI COMMUNITIES, INC., a
Delaware corporation, and WCI
COMMUNITIES, L.L.C., a
Delaware limited liability company,**

   **Defendants.**

## OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS FOR FAILURE OF SUBJECT MATTER JURISDICTION

Chartis Specialty Insurance Company (Chartis) f/k/a American International Specialty Lines Insurance Company and Lexington Insurance Company (Lexington) file this opposition to the joint motion to dismiss for failure of subject matter jurisdiction (the Motion) (D.E. 11) filed by defendants Robert C. Pate (Pate), in his capacity as the Trustee for the Chinese Drywall Trust (Trust), WCI Communities, Inc. (WCI Inc.), and WCI Communities, L.L.C. (WCI LLC).

## I. INTRODUCTION

The defendants erroneously argue that this case should be dismissed because complete diversity does not exist between the parties as required by 28 U.S.C. § 1332. As they note in their Motion, Lexington, WCI Inc. and WCI LLC are all Delaware

entities.[1] For the purposes of determining diversity jurisdiction, however, the citizenship of WCI Inc. and WCI LLC should be disregarded because they are nominal defendants with no interest in the litigation. If they have any interest, it is the same as Chartis and Lexington. For that reason, they should be realigned as plaintiffs for the purpose of determining whether diversity exists. Under either approach, complete diversity exists and this Court has subject matter jurisdiction.[2] Alternatively, if the Court finds that the WCI entities are not nominal parties or realignment is inappropriate, Chartis and Lexington should be permitted to amend their complaint.

## II.     BACKGROUND

In this action, Chartis and Lexington seek a declaration that they owe no duty to defend or indemnify the Trustee or Trust under liability insurance policies they issued. The Trustee is seeking coverage for claims for personal injury and damage to property arising from allegedly defective drywall installed in houses in Florida. Those houses were allegedly constructed by predecessors in interest to WCI Inc. and WCI LLC.

On August 4, 2008, those predecessors in interest and various affiliates (the Debtors) filed for bankruptcy under Chapter 11 of the Bankruptcy Code. *In re WCI Communities, Inc. et al.*, No. 08-11643 (Bankr. D. Del.).[3] The Debtors filed a Second Amended Joint Chapter 11 Plan of Reorganization for WCI Communities, Inc. and Its Affiliated Debtors (the Plan) on July 16, 2009.[4] Among other things, the Plan provides

---

[1] Motion at 2.

[2] The defendants also filed a separate joint motion to dismiss (D.E. 12) arguing that the Court should dismiss the case because Pate previously filed an action in the Eastern District of Louisiana. Chartis and Lexington filed a separate opposition to that motion demonstrating that this action should be given priority over Pate's Louisiana action.

[3] Complaint for Declaratory Judgment (Complaint) (D.E. 1), ¶ 13.

[4] Complaint, ¶ 15. A copy of the Plan is attached as Exhibit 1.

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038

for the creation of the Trust and the transfer to the Trust of certain assets, including the right to recover under insurance policies issued to any Debtor.[5] The primary purpose of the Trust is to resolve claims arising from the allegedly defective drywall installed in homes any Debtor constructed.[6] Under the plan, the Trust assumes all liability for those claims.[7] All persons are permanently enjoined from prosecuting any claim, including those related to the allegedly defective drywall, against the Debtors or the newly reorganized companies.[8]

On August 26, 2009, the Bankruptcy Court issued an Order confirming the Plan.[9] Among other things, the Order provides for the creation and administration of the Trust as provided for in the Plan, including the transfer of liability for defective drywall claims to the Trust.[10] As provided in the Order, the "sole recourse of the holder of a Chinese Drywall Claim shall be against the Chinese Drywall Trust, and such holder shall have no rights whatsoever at anytime to assert such holder's Claim against" any Debtor or the newly reorganized companies, which includes the WCI entities.[11] The Order states that the Debtors and the newly reorganized companies are not "responsible for any pre-Effective Date obligations of the Debtors" unless expressly assumed by one of them.[12] Except as otherwise provided, all persons are "precluded and forever barred" from

---

[5] Exhibit 1, Art. 11.1, 11.2.

[6] *Id.*, Art. 11.3.

[7] *Id.*, Art. 11.7.

[8] *Id.*, Art. 18.23.

[9] Complaint, ¶ 16. A copy of the Order is attached as Exhibit 2.

[10] Exhibit 2, ¶¶ 46-50.

[11] *Id.*, ¶ 50.

[12] *Id.*, ¶ 63. The "Effective Date" is September 3, 2009. *Notice of (A) Entry of Order Confirming Second Amended Joint Chapter 11 Plan of Reorganization for WCI Communities, Inc. and Its Affiliated Debtors; (B) Occurrence of Effective Date; and (C) Bar Date for Administrative Claims, Fee Claims and Rejection Damage Claims* (Bankr D. Del. D.E. 2421).

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038

asserting claims against Debtors and the reorganized companies "based on any act, omission, transaction, or other activity of any kind or nature that occurred or came into existence" before the Plan became effective.[13] It further provides that "all Claims of any nature whatsoever shall be automatically discharged forever," except as provided in the Order and Plan.[14] The Plan defines a "Claim" in part as "any right to payment" arising from an act or omission that "occurred before or at the time" of the effective date of the Plan.[15] The Order is a "judicial determination of discharge of all liabilities of the Debtors . . . and all successors."[16] The discharge "void[s] any judgment against" the Debtors and the reorganized companies if it "relates to a discharged Claim" and "operates as an injunction against the prosecution of any action against" the Debtors and the reorganized companies if it "relates to a discharged Claim."[17] Unless provided for in the Plan, the newly reorganized companies have no liability for any claim or obligation "based in whole or part on any act, omission, transaction, event other occurrence or thing occurring or in existence" before the effective date of the Plan.[18] "[N]o such liability, claim or obligation for any acts shall attach" to the newly reorganized companies.[19] The Order provides that any persons with claims against the Debtors on the effective date are permanently enjoined from prosecuting those claims against the Debtors and the new

---

[13] *Id.*, ¶ 63.

[14] *Id.*, ¶ 64.

[15] Exhibit 1, Exhibit A at No. 29.

[16] Exhibit 2, ¶ 64.

[17] *Id.*

[18] *Id.*, ¶ 66.

[19] *Id.*

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038

reorganized companies.[20]   It specifically enjoins any person from asserting a defective drywall claim against the Debtors or the newly reorganized companies.[21]

Under the Order and Plan, various Debtors transferred certain assets to WCI LLC.[22]  The insurance policies at issue in this case were among the assets transferred to WCI LLC, which is controlled by WCI Inc.  These entities own the insurance policies at issue.  Neither WCI LLC nor WCI Inc. have sought coverage under the insurance polices at issue for defective drywall claims.  Chartis and Lexington named WCI LLC and WCI Inc. as defendants solely because they own the policies.

## III.   ARGUMENT

### A.    The WCI Entities Are Nominal Parties

For the purposes of determining whether diversity exists, the citizenship of WCI Inc. and WCI LLC must be disregarded because they are nominal parties.   Under 28 U.S.C. § 1332(a), this Court has original jurisdiction over lawsuits involving citizens of different states when the amount in controversy exceeds $75,000.  "To sustain diversity jurisdiction there must exist an actual, substantial, controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side."  *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (U.S. 1941) (internal quotes and citations omitted).   Consequently, whether diversity jurisdiction exists is based on citizens "who are real and substantial parties to the controversy."  *Broyles v. Bayless*, 878 F.2d 1400, 1402 (11th Cir. 1989) (citing *Navarro Savings Association v. Lee*, 446 U.S. 458, 461 (1980)).  A "federal court must disregard

---

[20] *Id.*, ¶ 69.

[21] *Id.*, ¶ 70.

[22] Complaint, ¶ 20; Exhibit 1, Art. 8.2; Exhibit 2, Exhibit B.

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038

nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro*, 446 U.S. at 461. Generally, "a real party in interest is a party that has a real and substantial stake in the litigation and who exercises substantial control over the litigation." *Broyles*, 878 F.2d at 1403 (citing *Navarro*, 446 U.S. at 464-466). In contrast to a real party in interest, a nominal or formal party is "one who has no interest in the result of the suit and need not have been made a party thereto." *Grant County Deposit Bank v. McCampbell*, 194 F.2d 469, 472 (6th Cir. 1952).

The WCI entities are merely nominal or formal parties because neither entity has a real or substantial stake in this controversy. Under the Plan and Order, the WCI entities have no liability for any defective drywall claims for which the Trustee seeks coverage under the Chartis and Lexington policies at issue. No claimant can prosecute a claim or obtain a recovery from either WCI entity for any damages that claimant allegedly suffers due to drywall installed in a home any Debtor developed. The WCI entities also have no right to seek coverage for the drywall claims because those rights were transferred to the Trust under the Plan. Chartis and Lexington do not seek any declaration regarding any rights or obligations under the policies with respect to the WCI entities. They named the WCI entities, the policy owners, as defendants only so that they would be bound by any declaratory judgment in this case.

Because the WCI entities are merely nominal or formal defendants, their citizenship must be disregarded for the purpose of determining whether diversity exists. In that event, there is complete diversity between the real parties in interest. Chartis is an Illinois corporation with its principal place of business in New York, New York, and

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038

Lexington is a Delaware corporation with it principal place of business in Boston, Massachusetts.[23] Pate does not dispute that he is a citizen of the State of Texas.[24]

**B.   Alternatively, The WCI Entities Should Be Treated As Plaintiffs**

To the extent that either WCI entity has a substantial interest in the controversy, the parties should be realigned with the WCI entities treated as plaintiffs for the purpose of determining whether diversity exists. "Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants." *Chase Nat'l*, 314 U.S. at 69. Instead, it is the court's responsibility to look beyond the pleadings to properly align the parties and determine if diversity jurisdiction exists. *Id.*; *Federal Ins. Co. v. Bill Harbert Constr. Co.*, 82 F. Supp. 2d 1331, 1333 (S.D. Ala. 1999). How the parties should be aligned is determined based on the "principal purpose of the suit" and the "primary and controlling matter in dispute." *Chase Nat'l*, 314 U.S. at 69 (internal quotes omitted).[25]

Under this rule, WCI Inc. and WCI LLC must be treated as plaintiffs to the extent that they have any stake in this litigation. The principal purpose of the lawsuit is to obtain a declaration regarding Chartis' and Lexington's obligations to the Trust under certain insurance policies the WCI entities own for claims for damages arising out of allegedly defective drywall installed in homes. The primary and controlling matter in dispute is whether Chartis and Lexington must provide coverage to the Trust with respect to those claims.

---

[23] Complaint, ¶¶ 3-4.

[24] *Id.*, ¶ 5.

[25] *See also Federal Ins.*, 82 F. Supp. 2d at 1337 (holding that "this circuit looks to the principal purpose of the lawsuit when determining whether the parties are properly aligned."); *Southern-Owners Ins. Co. v. Hayden*, No. 08-14381, 2009 U.S. Dist. LEXIS 111613 at *8 (S.D. Fla. Nov. 13, 2009).

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038

As noted above, the WCI entities have no liability for the defective drywall claims and no right to seek coverage under the policies for those claims. The WCI entities interest, if any, in the dispute is limited to preserving policy limits for claims unrelated to the allegedly defective drywall. Under those circumstances, their interests are adverse to Pate. A declaration in the Trust's favor that Chartis and Lexington must provide coverage to the Trust for the drywall claims will reduce or eliminate policy limits potentially available to indemnify the WCI entities for any non-drywall claims. A declaration in the insurers' favor to the contrary will preserve those limits for the WCI entities. WCI Inc. and Pate previously disputed entitlement to proceeds of a policy that Old Republic Insurance Company issued to the Debtors. Pate claimed that the Trust was entitled to all the proceeds to pay drywall claims; the WCI entities asserted that they were entitled to coverage under the policy. They resolved the dispute by splitting the proceeds.[26] For these reasons, the WCI entities should be treated as plaintiffs for the purpose of determining diversity jurisdiction if the Court holds that they are not merely nominal or formal parties.

## IV.   CONCLUSION

For the reasons stated above, the Motion should be dismissed. The WCI entities should be disregarded as nominal or formal parties or realigned as plaintiffs for the purpose of determining diversity jurisdiction. Complete diversity exists under either of those circumstances. In the alternative, if the Court determines that the WCI entities are more than nominal or formal parties and realignment is inappropriate, Chartis and

---

[26] *See* the motion to approve settlement agreement and policy buyback (Bankr. D.E. 2926) and order granting the motion (Bankr. D.E. 2955) filed in *In re WCI Communities, Inc. et al.*, No. 08-11643 (Bankr. D. Del.).

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038

Lexington should be given leave to amend their complaint to cure any alleged jurisdictional defect.

Respectfully submitted,


_____/s/Ellen Novoseletsky_____
Cindy L. Ebenfeld, Esq.
Ellen Novoseletsky, Esq.
Hicks, Porter, Ebenfeld & Stein, P.A.
11011 Sheridan Street, Suite 104
Cooper City, FL  33026
Tel:  (954) 624-8700
Fax:  (954) 624-8064

*Co-Counsel*

Warren Lutz, Esq.
Paul D. Smolinsky, Esq.
Jackson & Campbell, P.C.
1120 Twentieth Street, N.W.
Suite 300
Washington, DC 20036
Tel:    (202) 457-1600
Fax:    (202) 457-1678

*Counsel for Chartis Specialty Insurance Company and Lexington Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **16th** day of **September, 2010**, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I further certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

Robert M. Horkovich, Esq.
Anna M. Piazza, Esq.
Anderson Kill & Olick, P.C.
1251 Avenue of the Amercas
New York, NY  10020
Tel:    212-278-1307
Fax:    212-278-1733
rhorkovich@andersonkill.com
apiazza@andersonkill.com
*Attorneys for Defendant Pate*

Jonathan Prockop, Esq.
Robert L. Rocke, Esq.
Rocke, McLean & Sbar, P.A.
2309 S. MacDill Avenue
Tampa, FL 33629
Tel:    813-769-5600
Fax:    813-769-5601
rrocke@rmslegal.com
jprockop@rmslegal.com
*Attorneys for Defendants WCI*

                    /s/ Ellen Novoseletsky
                    Ellen Novoseletsky

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038

1549440v.4