**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA**

**CHARTIS SPECIALTY INSURANCE
COMPANY f/k/a AMERICAN
INTERNATIONAL SPECIALTY
LINES INSURANCE COMPANY, an Illinois
Corporation, and LEXINGTON
INSURANCE COMPANY, a Delaware
corporation,**

   **Plaintiffs,**        **No. 8:10-cv-1465-T-23EAJ**

**v.**

**ROBERT C. PATE, in his capacity as
Trustee for the Chinese Drywall Trust,
WCI COMMUNITIES, INC., a
Delaware corporation, and WCI
COMMUNITIES, L.L.C., a
Delaware limited liability company,**

   **Defendants.**

**OPPOSITION OF PLAINTIFFS TO DEFENDANTS' JOINT MOTION
TO DISMISS OR, IN THE ALTERNATIVE, TO STAY OR TRANSFER VENUE**

   Chartis Specialty Insurance Company (Chartis) f/k/a American International

Specialty Lines Insurance Company and Lexington Insurance Company (Lexington) file

this opposition to the joint motion to dismiss, or in the alternative, to stay or transfer this

action (the Motion) (D.E. 12) filed by defendant Robert C. Pate (Pate), in his capacity as

the Trustee for the Chinese Drywall Trust (Trust), and defendants WCI Communities,

Inc. (WCI Inc.), and WCI Communities, L.L.C. (WCI LLC).

**I.  INTRODUCTION**

   Defendants argue that this action should be dismissed, stayed or transferred

because Pate filed a similar action in the Eastern District of Louisiana. The balance of

convenience and special circumstances, however, justify giving this action priority over

Pate's action in the Eastern District of Louisiana (Louisiana Action). As demonstrated below, special circumstances exist because Pate engaged in forum shopping when he filed the Louisiana Action. Louisiana has no connection to this insurance coverage dispute, which involves Florida insureds and Florida claimants. The balance of convenience also favors proceeding in this action rather than the Louisiana Action. When all factors concerning convenience are properly evaluated, Florida is clearly a more convenient and appropriate forum than Louisiana.

Further, Pate did not include in the Louisiana Action the Named Insureds or their successors under the Chartis and Lexington policies, which were named as parties to this lawsuit to provide more complete relief. Moreover, the Louisiana Action is only in its infancy; no discovery between Pate, Chartis and Lexington has commenced, no pretrial schedule has been issued and no trial date set. While Chartis and Lexington filed motions on March 29, 2010 to dismiss the Louisiana Action based on improper venue, Pate has not yet responded to those motions, and the Court will not likely consider them until 2011, due to delays Pate sought.

## II.   BACKGROUND

This lawsuit focuses upon the insurance policies issued by Chartis and Lexington to WCI Communities, Inc. (Old WCI), the predecessor in interest to WCI Inc. The Louisiana Action seeks a declaratory judgment against nineteen insurers, the majority of which issued polices to fourteen alleged subcontractors of Old WCI. Notably, in the Louisiana Action, Pate did not name WCI Inc., the successor in interest to Old WCI. By contrast, in this lawsuit Chartis and Lexington named the WCI entities as defendants and did not include the large number of unrelated insurers included in the Louisiana Action that issued insurance to insureds other than Old WCI or the WCI entities.

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038

## A. Pate's Louisiana Action

In his capacity as the Trustee of the Chinese Drywall Trust (the Trust), Pate filed a complaint in the Eastern District of Louisiana (the Louisiana Action) on December 23, 2009, against numerous insurers. *Pate v. Am. Int'l Specialty Lines Ins. Co.*, No. 2:09-cv-07791 (E.D. La. filed Dec. 23, 2009). On March 15, 2010, he filed an amended complaint. The policies and underlying claims at issue in the Louisiana Action have utterly no connection with Louisiana.

As alleged in Pate's amended complaint, Old WCI and its affiliates (the Debtors) filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.[1] *In re WCI Communities, Inc., et al.*, No. 08-11643 (Bankr. D. Del.). The Debtors filed a plan for reorganization on July 17, 2009 (the Plan) creating the Trust to assume the Debtors' liability for losses suffered by claimants due to allegedly defective drywall installed in Florida homes the Debtors constructed in Fort Lauderdale, Fort Myers and Bradenton.[2] Pate claims that the Debtors received complaints of alleged property damage, bodily injury or both arising from the drywall.[3] The Bankruptcy Court confirmed the Plan by Order dated August 26, 2009 (the Order).[4]

Pate's amended complaint establishes no nexus between Louisiana and the insurance coverage dispute at issue. The amended complaint alleges that plaintiff is a Texas resident.[5] Pate does not allege that any of the insurers or the insureds is a

---

[1] First Amended Complaint (Pate Complaint), ¶ 30.

[2] Pate Complaint, ¶¶ 31-32.

[3] *Id.* at ¶¶ 27, 29, 36.

[4] *Id.* at ¶ 35.

[5] *Id.* at ¶ 1.

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038

Louisiana corporation or maintains its principal place of business in Louisiana.[6] There is no allegation that any policy was negotiated, brokered, issued or delivered or any premium paid in Louisiana, or any underlying claim is being handled in the state. None of the alleged personal injuries or damage to property arise from defective drywall installed in homes located in Louisiana. All houses at issue are alleged to be located in Florida.[7] Similarly, the amended complaint contains no allegation that any claimant resides in Louisiana.

In response to the complaint and the amended complaint, the insurers filed motions to dismiss alleging lack of personal jurisdiction, improper venue or failure to join indispensable parties.[8] Although the first such motion was filed with respect to the amended complaint in March 2010, the court will not consider any preliminary motions until a hearing on November 3, 2010, regarding motions challenging personal jurisdiction. The Court will not likely hear the Chartis and Lexington motions to dismiss for improper venue until 2011.

### B. Chartis' and Lexington's Florida Action

On June 29, 2010, Chartis and Lexington filed this action seeking a declaration that they owe no duty to defend or indemnify Pate or the Trust under liability insurance policies they issued to Old WCI, with respect to claims arising from allegedly defective drywall installed in Florida homes. Unlike the Louisiana Action, Chartis and Lexington added the WCI entities (*i.e.* the successors to Old WCI) to this action so that coverage could be adjudicated in a lawsuit including the policy owners and the insurer. Chartis

---

[6] *Id.* at ¶¶ 2-22.

[7] *Id.* at ¶ 27.

[8] Chartis and Lexington filed a motion in response to both complaints alleging only improper venue under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a).

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038

and Lexington filed this action in the Middle District of Florida because the subject insurance policies were procured through brokers in Florida and issued to Old WCI in Florida.

## III.   ARGUMENT

### A. The "First-Filed" Rule

Pate and the WCI entities argue that the Court should dismiss, stay or transfer this case based on the "first-filed" rule, "which holds that when parties have instituted competing or parallel litigation in separate courts, the court initially having jurisdiction should hear the case." *Allstate Ins. Co. v. Clohessy*, 9 F. Supp. 2d 1314, 1315-1316 (M.D. Fla. 1998). Although the forum in which an action is filed first may be given priority, the rule is not intended to be "rigid, mechanical, or inflexible, but is to be applied in a manner that best serves the interest of justice." *Carl v. Republic Sec. Bank*, 2002 U.S. Dist. LEXIS 27929 at *8 (S.D. Fla. Jan. 22, 2002). The "district court has discretion to dispense with the first-filed rule when there are 'compelling circumstances' that indicate that justice would be better served by allowing the second filed case to proceed." *Vital Pharms., Inc. v. Cytosport, Inc.*, No. 08-61753, 2009 U.S. Dist. LEXIS 14296 at *7 (S.D. Fla. Feb. 9, 2009). *See also Tingley Systems, Inc. v. Bay State HMO Management, Inc.*, 833 F. Supp. 882, 888 (M.D. Fla. 1993) ("the 'first to file' rule should not rigidly be applied"); *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 627 (9th Cir. 1991) ("[t]he most basic aspect of the first-to-file rule is that it is discretionary" so "district court judges can, in the exercise of their discretion, dispense with the first-filed principle for reasons of equity"). A court need not follow the rule where "special circumstances" or the "balance of convenience in favor of the second forum" justify giving the second action priority over the first action. *Clohessy*, 9 F. Supp. 2d at 1316.

When applying the balance of convenience exception, the court looks at the parties'
convenience and the forum's connection with the dispute. *Manuel v. Convergys Corp.*,
430 F. 3d 1132, 1135 (11th Cir. 2005). This test is essentially the same test as applied
when deciding a motion to transfer under 28 U.S.C. § 1401(a). *Id.*

### B. This Action Should Be Given Priority Over the Louisiana Action

#### 1. Pate's forum shopping constitutes a special circumstance that justifies giving this action priority over the Louisiana Action.

Defendants make the astonishing claim that this action is a "flagrant and belated
attempt at forum shopping" and "no facts suggest that the Trust was forum shopping
when it chose to file in the Eastern District of Louisiana."[9] The facts, however, clearly
demonstrate that Pate was forum shopping when he filed the Louisiana Action. Forum
shopping by the party that filed the first action, as is the case here, is one special
circumstance that justifies ignoring the "first-filed" rule. *See Geltech Solutions, Inc. v.
Marteal, Ltd.*, No. 09-CV-81027, 2010 U.S. Dist. LEXIS 44118 at \*21-\*22 (S.D. Fla.
May 5, 2010); *Manuel v. Convergys Corp.*, No. 1:04-CV-1279, 2004 U.S. Dist. LEXIS
29879 at \*9 (N.D. Ga. Oct. 18, 2004); *Soroka v. Lee Techs. Servs.*, No. 1:06-CV-0710,
2006 U.S. Dist. LEXIS 44909 at \*16 (N.D. Ga. June 19, 2006). This dispute has no
connection with Louisiana and Pate obtained a procedural advantage that is otherwise
unavailable in any other district.

##### (a) Pate engaged in forum shopping by filing the Louisiana Action because this dispute has substantial connections with Florida but none with Louisiana.

Forum shopping exists where the ties between the first forum and the dispute are
"so tenuous or *de minimis* that a full 'balance of convenience' analysis would not be

---

[9] Motion at 2, 12.

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038

necessary to determine that the second forum is more appropriate than the first." *Emp'rs. Ins. v. Fox Entm't Group, Inc.*, 522 F.3d 271, 276 (2d Cir. N.Y. 2008).[10] Although this coverage dispute has substantial connections with Florida, Pate instead chose to file suit in Louisiana, which has no connections with the dispute. This coverage dispute has the following significant connections with Florida:

1. The named insured under the Chartis and Lexington policies at issue, WCI Communities, Inc., was located in Bonita Springs, Florida.

2. The named insured obtained most of its policies through a Florida-based broker and it obtained none of them through a Louisiana-based broker.

3. All the claims arise out of homes that the named insured or its affiliates constructed in Fort Lauderdale, Fort Myers and Bradenton, Florida.

4. The subcontractors Pate identifies in his Louisiana Action complaint are all Florida entities currently or formerly located in Florida.[11]

In contrast, there are no facts suggesting any connection whatsoever with Louisiana. Pate states in his amended complaint that he is a Texas resident,[12] and it appears that the Trust is a Delaware statutory trust.[13] Pate correctly alleges that neither Chartis nor Lexington are incorporated or maintain their principal place of business in Louisiana.[14] In fact, no insurer Pate names as a defendant in the Louisiana Action is alleged to be incorporated or to maintain its principal place of business in Louisiana.[15] The amended complaint in the Louisiana Action contains no allegation that any policy

---

[10] *Agri-Process Innovations, Inc. v. Greenline Indus.*, LLC, No. 4:08-cv-00558, 2008 U.S. Dist. LEXIS 67747 at *15 (E.D. Ark. Sept. 4, 2008) (noting that forum shopping occurs when a litigant selects a forum with only a slight connection to the factual circumstances of his action); *Manuel v. Convergys Corp.*, No. 1:04-CV-1279, 2004 U.S. Dist. LEXIS 29879 at *9 (N.D. Ga. Oct. 18, 2004) (same).

[11] Pate Complaint, ¶ 50.

[12] *Id.* at ¶ 1.

[13] Complaint (D.E. 1) at ¶ 6.

[14] Pate Complaint, ¶¶ 2, 4. Pate incorrectly alleges that Chartis is incorporated in Alaska. In fact, it is an Illinois corporation.

[15] Pate Complaint, ¶¶ 2-22.

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038

was negotiated, brokered, issued or delivered or any premium paid in Louisiana, or that any underlying claim is being handled in the state. Pate does not even allege that any homeowner claimant resides in Louisiana.

The most Pate offers is that Louisiana was a "natural choice" given the pendency of MDL No. 2047, in which other lawsuits concerning Chinese Drywall are presently venued for pretrial proceedings.[16] The fact that MDL No. 2047 is in Louisiana does not create, and is not a substitute for, connections between this coverage dispute and Louisiana. Pate fails to disclose that the vast majority of the actions consolidated in MDL No. 2047 are actions against manufacturers, builders, suppliers and installers, not commercial general liability insurance coverage actions such as this lawsuit. Further, none of the underlying Florida homeowner claims for which the Trust seeks coverage will be adjudicated in MDL No. 2047.[17] At most, the underlying actions and this coverage dispute share a factual backdrop involving allegedly defective drywall. That some facts may be common in the actions, however, does not alter the fact that the coverage dispute involves policies and claims that have no connection to Louisiana.

Further, the existence of unrelated coverage actions in MDL No. 2047 does not create any connection between this dispute and Louisiana. No action in MDL No. 2047, other than the Louisiana Action, involves coverage under the Chartis and Lexington policies at issue in this case, the insureds under those policies or the claimants against the Trust. Because this dispute has no connections with Louisiana, a full analysis of the

---

[16] Motion at 12.

[17] As provided in the Order, the "sole recourse of the holder of a Chinese Drywall Claim shall be against the Chinese Drywall Trust, and such holder shall have no rights whatsoever at anytime to assert such holder's Claim against" any Debtor or the newly reorganized companies. *Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization for WCI Communities, Inc. and Its Affiliated Debtors* (Bankr. Del. D.E. 2363), ¶ 50.

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038

balance of convenience is unnecessary to determine that this forum, which has substantial ties to the dispute, is more a more appropriate forum than the Eastern District of Louisiana.

### (b) Pate engaged in forum shopping by filing the Louisiana Action because he gained a procedural advantage.

"A decision to file an action in another judicial district because the filing party believes the other district provides some benefit . . . is considered either forum shopping or forum avoidance . . . ." *FMC Corp. v. AMVAC Chem. Corp.*, 379 F. Supp. 2d 733, 743 (E.D. Pa. 2005). More specifically, forum shopping exists where a party attempts to manipulate procedural devices that might otherwise be unavailable to defeat an opponent's choice of forum. *Agri-Process Innovations, Inc. v. Greenline Indus.*, LLC, No. 4:08-cv-00558, 2008 U.S. Dist. LEXIS 67747 at *15 (E.D. Ark. Sept. 4, 2008).

In this case, a procedural advantage was available to Pate in Louisiana that is unavailable in Florida that defeats Chartis' and Lexington's choice of forum. Under a pretrial order in MDL No. 2047, the Clerk of that court automatically consolidates with MDL No. 2047 all cases filed in the Eastern District of Louisiana involving allegedly defective Chinese drywall. If Pate had filed suit in any other district court, his action could not have been transferred to MDL No. 2047 without Chartis and Lexington having the opportunity to object to the transfer under the procedures governing the Judicial Panel on Multidistrict Litigation (the JPML) and MDL proceedings.[18]

This procedure before the JPML is no mere formality. The JPML has transferred to MDL No. 2047 only one of twelve coverage cases that it has considered for transfer. It

---

[18] J.P.M.L. R. 7.4(c), (d).

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038

transferred the first case presented and it has declined to transfer any other cases.[19]
Notably, as to the one coverage case the JPML transferred to MDL No. 2047, the judge
presiding over that MDL, Judge Eldon E. Fallon, has suggested remanding the coverage
case to the federal court where it originated.[20]   In doing so, Judge Fallon stated that
remand is appropriate to "maintain consistency with the [JPML's] other orders denying
transfer to MDL 2047 in similar declaratory judgment cases involving insurance
coverage for Chinese drywall-related damages."[21]   The JPML refused to transfer a similar
insurance coverage action against Pate pending in the Middle District of Florida filed by
another insurer (Mid-Continent Cas. Co.) named as a defendant in the Louisiana
Action.[22]   By filing in Louisiana, Pate avoided the possibility that his case would not be
transferred to MDL No. 2047 through a procedural device unavailable to him in any other
district.  By that means, he was able to defeat his opponents' choice of forum by his own
forum shopping.

### 2. The first-filed ruled should not be applied because the balance of convenience test favors this action over the Louisiana Action.

In addition to the special circumstance of forum shopping, the first-filed rule
should not be applied in this instance because this forum is unquestionably more
convenient than the Eastern District of Louisiana.  A court need not follow the first-filed
rule where the "balance of convenience in favor of the second forum" justifies giving the

---

[19] *Transfer Order* dated April 5, 2010 (JPML D.E. 212).

[20] *Order & Reasons* dated September 9, 2010 (MDL No. 2047 D.E. 5503).

[21] *Id.* at 2.  Although Judge Fallon earlier indicated in a January 14, 2010 order that "it looks like" the insurance cases are more efficiently dealt with in the MDL, this early statement by Judge Fallon is superseded by his September 9, 2010 order suggesting remand of an insurance company's case to the Middle District of Georgia.

[22] *Order Vacating Conditional Transfer Order* dated August 9, 2010 (JPML D.E. 289).  Among other cases, that Order vacated the transfer of *Mid-Continent Cas. Co. v. Pate*, No. 10-121 (M.D. Fla.).

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038

second action priority over the first action. *Clohessy*, 9 F. Supp. 2d at 1316. When applying this exception, the courts often look at the same factors relevant to a motion to transfer under 28 U.S.C. § 1404(a) to evaluate the parties' convenience and the forum's connection with the dispute. *Manuel*, 430 F. 3d at 1135 & n.1. These factors include:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Id.* at 1135 n. 1.

Pate and the WCI entities only address three of the nine factors:   the weight accorded a plaintiff's choice of forum, the convenience of the parties and trial efficiency and the interests of justice.   When these and other factors are properly evaluated, it is clear that the balance of convenience favors this action over the Louisiana Action.

### (a) No deference is owed to Pate's choice of forum.

The first factor that Pate and the WCI entities argue is the weight to be accorded a plaintiff's choice of forum.   They argue that under § 1404, no deference is owed to the insurers' choice of Florida,[23] but this argument is without merit.   No deference is due to a plaintiff's choice of forum where the plaintiff files outside his or her home forum and the dispute has no connections with that forum. *Cellularvision Tech. & Telecomm., L.P. v. Alltel Corp.*, 508 F. Supp. 2d 1186, 1189 (S.D. Fla. 2007); *Windmere Corp. v. Remington Products, Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985).   Pate filed suit in Louisiana rather than Texas, his home forum.   Further, as discussed above, there are no connections

---

[23] Motion at 12-13.

between Louisiana and this dispute. For that reason, Pate's choice of forum is entitled to no consideration.

### (b) Florida is a more convenient forum than Louisiana.

Florida is clearly a more convenient forum than Louisiana. Pate and the WCI entities attempt to avoid this conclusion by focusing only on the convenience of the parties, a relatively insignificant factor. *Central Money Mortg. Co. v. Holman*, 122 F. Supp. 2d 1345, 1346 (M.D. Fla. 2000) ("Convenience of the parties is practically irrelevant to whether the motion to transfer should be granted."). They argue that Florida and the Eastern District of Louisiana are equally convenient for the parties.[24] In fact, Louisiana has proven to be an inconvenient forum for both parties, and other factors that Pate and the WCI entities do not consider demonstrate that Florida is the more convenient forum.

Pate and the WCI entities argue that Louisiana is more convenient for Pate, Chartis and Lexington because "the Louisiana Action has been proceeding for eight months, and is further along than the Florida Action, which was filed less than two months ago."[25] In fact, the Louisiana Action has made no progress in the last nine months. Pate filed his complaint on December 23, 2009, and his amended complaint on March 15, 2010. In response to the complaint and the amended complaint, the defendant

---

[24] *Id.* at 13-14.

[25] *Id.* at 14. Pate and the WCI entities also argue that Louisiana is a more convenient forum because Chartis and Lexington are parties to another action in MDL No. 2047, *Amato v. Liberty Mutual*. Motion at 13-14. That action involves different policies, insureds and underlying claims, and for that reason, does not make Louisiana a more convenient forum for Chartis and Lexington. Moreover, *Amato* is only in its initial phase, and the court has stayed the filing of responsive pleadings until plaintiffs certify that they have concluded amending the complaint. Pate and the WCI entities also have no basis for claiming that the defendant insurers in the Louisiana Action will save costs by sharing the burden of litigating allegedly similar defenses. Motion at 14. Pate and the WCI entities make no showing that the fifty-seven policies contain the same or even similar insuring agreements and exclusions on which all the insurers will rely to assert the alleged "similar defenses."

12

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038

insurers filed motions to dismiss alleging lack of personal jurisdiction, improper venue and failure to join indispensable parties.[26] Although the first such motion was filed with respect to the amended complaint in March 2010, the court will not consider any insurer jurisdictional motions until November 3, 2010. Motions regarding improper venue and failure to join indispensable parties will likely be heard no earlier than 2011. After nine months, the Louisiana court has yet to address preliminary procedural issues, and progress on even those issues will continue to be delayed for the foreseeable future. Moreover, Pate, Chartis and Lexington have not even commenced discovery with respect to each other in the Louisiana Action. Given the lack of progress, Louisiana cannot be described as a convenient forum for any of the parties.

Other factors that Pate and the WCI entities do not address also demonstrate that the balance of convenience favors Florida over Louisiana. To the extent discovery of non-party witnesses becomes necessary, Florida is clearly the more convenient forum. *See Central Money*, 122 F. Supp. 2d at 1346 (noting that the convenience of non-party witnesses is given weight). The brokers for the policies are located in Florida. The drywall installers, homeowner claimants and remediation contractors are also likely to be found in Florida. These witnesses, along with any other non-party witnesses outside Louisiana, will not be subject to process to compel attendance at trial in Louisiana. In addition, documents and access to sources of proof, if needed, will most likely be more readily available in Florida where the potential witnesses and the claims are located. The WCI entities, the successors in interest to the insured under the Chartis and Lexington policies, are located in Florida and most likely have relevant documents regarding the

---

[26] Chartis and Lexington filed a motion in response to both complaints alleging only improper venue under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a).

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038

procurement of the policies, the construction of the houses and investigation into allegedly defective drywall. All the houses at issue are located in Florida and any allegedly damaged personal property is likely to be there as well. To the extent that this property has to be inspected, Florida is clearly the more convenient location. Similarly, any alleged personal injuries from exposure to drywall installed in Florida houses will arise in Florida. When all these factors are considered, Florida clearly is a more convenient and appropriate jurisdiction than Louisiana.

### (c) Trial efficiency and the interest of justice mandate giving this action priority over the Louisiana Action.

Pate and the WCI entities also claim that trial efficiency and the interest of justice mandate dismissal, stay or transfer of this action. The reasons they offer to support this claim have no merit and efficiency and justice are not best served by having this coverage dispute decided as part of MDL No. 2047.

As to efficiency, they claim that MDL No. 2047 is "particularly well-suited for resolution" of this coverage dispute but the reasons they present do not demonstrate that it is more efficient to proceed in Louisiana.[27] They argue that Judge Fallon, who is overseeing MDL No. 2047, is familiar with the factual and legal issues central to the underlying and coverage actions.[28] Undoubtedly Judge Fallon is familiar with factual and legal issues arising out of drywall claims. He is unfamiliar, however, with the facts concerning the claims against the Trust, because those claims have not been and will not be litigated before him in MDL No. 2047. The claimant homeowners who purchased houses from Old WCI and its affiliates are barred from prosecuting their claims in MDL

---

[27] Motion at 14-16.

[28] *Id.* at 14.

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038

No. 2047.[29]    Pate, as Trustee, will resolve those claims under a procedure he has promulgated following approval from the Bankruptcy Court.[30]   Thus, Judge Fallon will not preside over resolution of the claims of Old WCI homeowners at issue in this coverage dispute.

Further, Judge Fallon has not yet considered the legal and factual issues at the center of the insurance coverage dispute involving CGL policies involved here.  No party in the Louisiana Action has presented to Judge Fallon its legal arguments or the facts on which it will rely to support those arguments bearing on coverage.  Moreover, there is no reason to believe, as Pate and the WCI entities imply, that Judge Fallon or any other court will be able to resolve *en masse* coverage under the fifty-seven policies involved in the Louisiana Action.[31]   Indeed, it will be more efficient to litigate the coverage issues pertaining to the Chartis and Lexington policies in this action, as they are the only policies at issue in this lawsuit, as opposed to the numerous unrelated policies other insurers issued to alleged subcontractors at issue in the Louisiana Action.

---

[29] *Second Amended Joint Chapter 11 Plan of Reorganization for WCI Communities, Inc. and its Affiliated Debtors* (Bankr. Del. D.E. 2088), Art. 18.23 (enjoining Chinese drywall claims); *Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization for WCI Communities, Inc. and Its Affiliated Debtors* (Bankr Del. D.E. 2363), ¶¶ 63, 64, 66, 69, 70 (releasing, discharging and enjoining claims).

[30] *Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization for WCI Communities, Inc. and Its Affiliated Debtors* (Bankr Del. D.E. 2363), ¶ 50 (stating that the Trust is the sole recourse for any holder of a Chinese drywall claim).

[31] Contrary to the argument by Pate and WCI, the inclusion of other insurers as defendants in the Louisiana Action does not make that action more comprehensive than this action, because the determination of coverage for each of the fifty-seven different insurance policies identified in the Louisiana Action concern different policy periods, different named insureds, and different contractual analyses specific to each policy. The resolution of Pate's claims to coverage under the Lexington and Chartis policies issued to WCI is based upon the terms of those insurance contracts, not the terms of another policy issued by another insurer to a different named insured. Thus, the inclusion of other insurers in the Louisiana Action does not make that lawsuit more suited to resolve the coverage disputes under the Chartis and Lexington policies because the contractual analysis of another insurer's policy *does not* control the interpretation of the Chartis and Lexington policies issued to Old WCI.

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038

Pate and the WCI entities also assert that the JPML has "recognized that coverage disputes involving Chinese Drywall will be dealt with more efficiently in the MDL . . . ."[32] On the contrary, the JPML transferred to MDL No. 2047 only one of twelve insurance coverage cases it has considered for transfer, and it refused to transfer a coverage action pending in the Middle District of Florida in which Pate is a party.[33] Further, as discussed above, Judge Fallon suggested remanding the only insurance coverage action that the JPML transferred to MDL No. 2047. Thus, the current position of the JPML and the presiding judge in MDL No. 2047 is that insurance coverage actions should not be transferred to, or litigated in, MDL No. 2047, where the Louisiana Action has been consolidated. These factors militate strongly against dismissal, stay or transfer of this action.

As for the interests of justice factor, Pate and the WCI entities also offer no meaningful support for their argument. They assert again that permitting this action to proceed "will undo the progress that has taken place over the last eight months in the Louisiana Action, resulting in an unnecessary waste of judicial resources, time, and expenses by all parties."[34] As noted above, however, no progress has been made in nine months in the Louisiana Action, where preliminary procedural motions have

---

[32] Motion at 15.

[33] Pate and the WCI entities cite six cases to support this point, including *Owners Ins. Co. v. The Mitchell Co., Inc.*, No. C.A. No. 5:09-374, the only case the JPML has transferred. Motion at 15 n.12. Four of the cases involve homeowner policies that insureds filed in the Eastern District of Louisiana. *Canty v. Allstate, Inc. Co.*, C.A. No. 10-929, *Vu v. Progressive Advanced Ins. Co.*, C.A. No. 10-930; *Cassagne v. Republic Underwriters Ins.*, Co., C.A. No. 10-928; *Gross v. State Farm and Cas. Co.*, C.A. No. 10-931. The sixth case, *Amato v. Liberty Mut. Ins. Co.*, C.A. No. 10-929, involves commercial general liability policies, but it was filed by claimants against insureds and their insurers in the Eastern District of Louisiana. Because the JPML never considered whether to transfer these cases, they do not support the claim that the JPML has found MDL No. 2047 to be the most efficient forum to resolve coverage disputes related to the defective drywall.

[34] Motion at 16.

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038

languished.[35]  They also complain that allowing this action to proceed will give rise to duplication of effort.[36]  If there is any duplication of effort, it will be in the Louisiana Action because that action is likely to lag behind this action, which can proceed immediately.  In stark contrast, in MDL No. 2047, it will likely take until next year to consider a preliminary motion challenging venue filed in March 2010, and general discovery has not even begun.  Pate and the WCI entities further argue that permitting this action to proceed will lead to piecemeal resolution of the coverage issues because this action does not involve all the insurers, policies and claims at issue in the Louisiana Action.  Coverage under the Chartis and Lexington policies, which were issued directly to Old WCI, and the policies issued to the subcontractors involve separate issues.  Those issues will have to be decided independently of one another whether all the insurers and policies are in one or more lawsuits.  For these reasons, the interests of justice are not better served by dismissing, staying or transferring this action.

## IV.   CONCLUSION

For the reasons stated above, the Motion should be dismissed because special circumstances and the balance of convenience favor giving this action priority over the Louisiana Action.

---

[35] Pate and the WCI entities also cite to *Northfield Ins. Co. v. North American Catastrophe Serv., Inc.*, No. 6:09-cv-1560 (M.D. Fla. Nov. 5, 2009), to support their argument.  That case involved coverage for claims against the insured arising from alleged damages suffered due to exposure to formaldehyde in temporary housing units furnished after Hurricane Katrina.  The insured argued that the case should be transferred to the Eastern District of Louisiana where the two underlying lawsuits were pending.  The court, without any discussion, granted the motion.  By contrast here, the underlying homeowner claims will not and cannot be resolved in the Eastern District of Louisiana, the only basis the *Northfield* court appears to have considered when deciding the insured's motion.

[36] Motion at 16-17.

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038

Respectfully submitted,


_____/s/Ellen Novoseletsky_____
Cindy L. Ebenfeld, Esq.
Ellen Novoseletsky, Esq.
Hicks, Porter, Ebenfeld & Stein, P.A.
11011 Sheridan Street, Suite 104
Cooper City, FL  33026
Tel:  (954) 624-8700
Fax:  (954) 624-8064

*Co-Counsel*

Warren Lutz, Esq.
Paul D. Smolinsky, Esq.
Jackson & Campbell, P.C.
1120 Twentieth Street, N.W.
Suite 300 South Tower
Washington, DC 20036
Tel:     (202) 457-1600
Fax:     (202) 457-1678

*Counsel for Chartis Specialty Insurance
Company and Lexington Insurance
Company*

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **16th** day of **September, 2010**, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I further certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

Robert M. Horkovich, Esq.
Anna M. Piazza, Esq.
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020
Tel:    212-278-1307
Fax:    212-278-1733
rhorkovich@andersonkill.com
apiazza@andersonkill.com
*Attorneys for Defendant Pate*

Jonathan Prockop, Esq.
Robert L. Rocke, Esq.
Rocke, McLean & Sbar, P.A.
2309 S. MacDill Avenue
Tampa, FL 33629
Tel:    813-769-5600
Fax:    813-769-5601
rrocke@rmslegal.com
jprockop@rmslegal.com
*Attorneys for Defendants WCI*


_____/s/ Ellen Novoseletsky_____
        Ellen Novoseletsky

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038
1554635v.10