UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARTIS SPECIALTY INSURANCE
COMPANY and LEXINGTON
INSURANCE COMPANY,

    Plaintiffs,

v.                                             CASE NO.: 8:10-cv-1465-T-23EAJ

ROBERT C. PATE, WCI COMMUNITIES,
INC., and WCI COMMUNITIES, L.L.C.,

    Defendants.
_____/

**ORDER**

On June 29, 2010, the plaintiffs sued (Doc. 1) for declaratory relief as to the plaintiffs' duty to either defend or indemnify Robert C. Pate, in his capacity as the trustee for the Chinese Drywall Trust, under a liability insurance policy issued by each plaintiff.  The defendants jointly move (Docs. 11, 12) (1) to dismiss for lack of subject matter jurisdiction and (2) to either dismiss, transfer, or stay this action in deference to a previously filed action in the District Court for the Eastern District of Louisiana.  The plaintiffs respond (Docs. 21, 22) in opposition.

"[If] two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule."  Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005).  The party objecting to jurisdiction in the "first-filed forum" carries "the burden of proving 'compelling circumstances' to warrant an

exception to the first-filed rule." 430 F.3d at 1135; see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169, 1174 (11th Cir. 1982) (finding that, "[i]n the absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case."); Actsoft, Inc. v. Alcohol Monitoring Sys., Inc., 2008 WL 2266254 (M.D. Fla. 2008) (finding that the "first-filed rule . . . requires that in cases involving 'overlapping issues and parties' the federal court in which a controversy is 'first-filed' should retain plenary authority to resolve the entire dispute.").

In this instance, the "first-filed" action consists of a declaratory judgment action filed in the Eastern District of Louisiana by the trustee, in which action the trustee (1) sues (among other defendants) the plaintiffs in this action and (2) seeks (among other claims) a declaratory judgment that each insurer possesses an obligation to indemnify the trust as to each claim arising from the sale of homes allegedly containing defective Chinese drywall.  Additionally, the trustee (1) states that the judge in the first-filed action has issued discovery orders and scheduled hearings on motions to compel and motions to dismiss and (2) argues that this action by the plaintiffs is "a flagrant and belated attempt at forum shopping."  The plaintiffs argue (1) that the first-filed action "is only in its infancy;" (2) that, in the first-filed action, the plaintiffs have filed a motion to dismiss for improper venue, to which motion the trustee has not yet responded; (3) that the Eastern District of Louisiana is an improper forum for this action; (4) that, by filing in the Eastern District of Louisiana, the trustee engaged in forum shopping; (5) that "[t]he balance of convenience also favors proceeding in this action rather than the [first-filed]

- 3 -

[a]ction;" and (6) that any "duplication of effort" will occur in Louisiana, because "that action is likely to lag behind this action, which can proceed immediately."

Upon review, the first-filed rule supports transferring this action to the Eastern District of Louisiana.  This action shares both a party and a substantial, overlapping issue with the first-filed action.  Both the first-filed action and this action require a determination as to whether the insurer has a duty to indemnify under the relevant policy for a claim arising from defective Chinese drywall.  Additionally, (1) both the plaintiffs in this action and the trustee are parties to the first-filed action and (2) a March, 2010, motion challenges venue in the first-filed action and awaits disposition.  Furthermore, the plaintiffs fail to show a compelling circumstance warranting disregard of the first-filed rule.

Accordingly, the defendants' motion (Doc. 12)  is **GRANTED** to the extent that this action is **TRANSFERRED** to the District Court for the Eastern District of Louisiana. The Clerk is directed to (1) transfer this case to the District Court for the Eastern District of Louisiana and (2) close the case.

ORDERED in Tampa, Florida, on September 22, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE